**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-05391-PAB

NATHANIEL MARK HODEL,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC., and GBANK,

Defendants.

---

**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

---

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Nathaniel Mark Hodel's ("Plaintiff") Complaint and Jury Demand (the "Complaint") as follows. Experian denies each allegation of the Complaint that is not expressly admitted below, including any allegation contained in the Complaint's headings, unnumbered paragraphs, and Prayer for Relief. Experian repeats the Complaint's headings below for ease of reference only and does not admit any allegation they contain.

**INTRODUCTION**

1. In response to paragraph 1 of the Complaint, Experian admits only that Plaintiff purports to bring an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), and seeks actual, statutory, and punitive damages. Experian denies that it failed to block or delete any information as the FCRA requires, denies that it failed to conduct a reasonable reinvestigation, denies that it violated the FCRA, and denies that

Plaintiff is entitled to any relief from Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning co-defendant GBank ("GBank") and, on that basis, denies them. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including the allegations that Plaintiff is a victim of identity theft, that an unauthorized third party opened the GBank credit card account referenced in the Complaint (the "Account"), and that GBank acknowledged in writing that the Account was fraudulent, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that its reporting of the Account was inaccurate and denies that it violated the FCRA.

3. In response to paragraph 3 of the Complaint, Experian denies that it unlawfully refused to block any information, denies that it failed to conduct a reasonable reinvestigation, denies that it violated 15 U.S.C. § 1681c-2 or 15 U.S.C. § 1681i, and denies that any act or omission of Experian harmed Plaintiff's credit reputation or caused Plaintiff any damages. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, including the allegations concerning the documentation Plaintiff claims to have provided and the allegations concerning GBank, and, on that basis, denies them.

## PARTIES, JURISDICTION, AND VENUE

4. In response to paragraph 4 of the Complaint, Experian admits only that Plaintiff alleges that he is a "consumer" as defined by 15 U.S.C. § 1681a(c). Experian states that the FCRA speaks for itself. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian admits only that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian states that the allegations contained therein concern the manner of service of process and require no response. To the extent a response is required, Experian admits only that it maintains a registered agent for service of process in Colorado. Except as specifically admitted,

Experian denies, generally and specifically, each and every remaining allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

11. In response to paragraph 11 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Experian admits that, following removal of this action, this Court has subject matter jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Experian admits that venue is proper in this Court following removal of this action under 28 U.S.C. § 1441(a) and admits that Experian is not a resident of the State of Colorado. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning GBank and, on that

basis, denies them. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

## FACTUAL ALLEGATIONS

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including the allegations concerning GBank's internal determinations and written commitments and the allegations concerning any request GBank submitted to Experian, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that it failed to comply with any obligation under the FCRA with respect to its reporting of the Account.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that it published or reported inaccurate information concerning Plaintiff and denies that it violated the FCRA.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including the allegations concerning the timing and content of any

request Plaintiff made to Experian, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that it improperly rejected any request to block information, denies that any communication it sent to Plaintiff was vague or boilerplate, and denies that it violated 15 U.S.C. § 1681c-2.

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, including subparagraphs (a) through (d), Experian states that whether any submission Plaintiff made to Experian satisfied the requirements of 15 U.S.C. § 1681c-2 is a legal conclusion to which no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of any submission Plaintiff claims to have made to Experian and, on that basis, denies them. Experian denies any characterization of 15 U.S.C. § 1681c-2 that is inconsistent with its terms and denies, generally and specifically, each and every remaining allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian states that the allegations contained therein are legal conclusions that purport to characterize 15 U.S.C.

§ 1681c-2, which speaks for itself, and to which no response is required. To the extent a response is required, Experian denies any characterization of 15 U.S.C. § 1681c-2 that is inconsistent with its terms. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegation that it received a complete identity theft submission from Plaintiff and, on that basis, denies it. Experian denies, generally and specifically, each and every remaining allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the timing and content of any submission it received from Plaintiff and, on that basis, denies them. Experian denies that it failed or refused to comply with 15 U.S.C. § 1681c-2 and denies, generally and specifically, each and every remaining allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including the allegations concerning the timing and content of any dispute it received from Plaintiff, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian states that the allegations contained therein are legal conclusions that purport to characterize 15 U.S.C. § 1681s-2(b), which speaks for itself, and to which no response is required. To the extent a response is required, Experian denies any characterization of 15 U.S.C. § 1681s-2(b) that is inconsistent with its terms. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, which concern GBank, and, on that basis, denies them.

33. In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which concern GBank's admissions, investigation, and responses, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further denies that its reporting of the Account was inaccurate.

35. In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian, including the allegations that Experian failed to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i and that Experian “simply parroted” any response from GBank. As to the allegations in paragraph 38 that relate to GBank, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint.

**COUNT I: VIOLATION OF 15 U.S.C. § 1681s-2(b)**
**(Against Defendant GBank)**

39. In response to paragraph 39 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 38 above as though fully set forth herein.

40. In response to paragraph 40 of the Complaint, Experian admits only that Plaintiff alleges that he is a “consumer” as defined by 15 U.S.C. § 1681a(c). Experian states that the FCRA speaks for itself. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

41. In response to paragraph 41 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

42. In response to paragraph 42 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

43. In response to paragraph 43 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

44. In response to paragraph 44 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

45. In response to paragraph 45 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

46. In response to paragraph 46 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

47. In response to paragraph 47 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them. Experian further denies that any act or omission of Experian caused Plaintiff any damages.

48. In response to paragraph 48 of the Complaint, Experian states that the allegations contained therein are directed solely against co-defendant GBank and no response is required from Experian. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them. Experian further denies that Plaintiff is entitled to recover attorneys' fees or costs from Experian.

**COUNT II: VIOLATION OF 15 U.S.C. § 1681i**
**(Against Defendant Experian)**

49. In response to paragraph 49 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 48 above as though fully set forth herein.

50. In response to paragraph 50 of the Complaint, Experian admits only that Plaintiff alleges that he is a "consumer" as defined by 15 U.S.C. § 1681a(c). Experian states that the FCRA speaks for itself. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

51. In response to paragraph 51 of the Complaint, Experian admits only that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

52. In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including the allegations concerning the timing and content of any dispute Plaintiff submitted to Experian, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Complaint, Experian denies that it violated 15 U.S.C. § 1681i and denies, generally and specifically, each and every allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian denies that it violated 15 U.S.C. § 1681i, denies that any alleged violation was willful, denies that Plaintiff is entitled to punitive damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

55. In response to paragraph 55 of the Complaint, Experian states that the allegations contained therein are expressly conditioned on this action not being removed

to federal court. This action has been removed, and no response is therefore required. To the extent a response is required, Experian denies that it violated 15 U.S.C. § 1681i, denies that any alleged violation was willful, denies that Plaintiff is entitled to punitive damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

56. In response to paragraph 56 of the Complaint, Experian denies that it violated 15 U.S.C. § 1681i, denies that it acted negligently, denies that Plaintiff is entitled to actual damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

57. In response to paragraph 57 of the Complaint, Experian denies that any act or omission of Experian caused Plaintiff any damages and denies that Plaintiff is entitled to recover any damages from Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, including the allegations concerning Plaintiff's credit reputation, credit score, credit opportunities, expenses, and emotional state, and, on that basis, denies them.

58. In response to paragraph 58 of the Complaint, Experian denies that Plaintiff is entitled to recover attorneys' fees or costs from Experian and denies, generally and specifically, each and every allegation contained therein.

**COUNT III: VIOLATION OF 15 U.S.C. § 1681c-2**
**(Against Defendant Experian)**

59. In response to paragraph 59 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 58 above as though fully set forth herein.

60. In response to paragraph 60 of the Complaint, Experian states that the allegations contained therein are legal conclusions that purport to characterize 15 U.S.C.

§ 1681c-2, which speaks for itself, and to which no response is required. To the extent a response is required, Experian denies any characterization of 15 U.S.C. § 1681c-2 that is inconsistent with its terms and denies, generally and specifically, each and every remaining allegation contained therein.

61. In response to paragraph 61 of the Complaint, Experian states that whether any submission Plaintiff made to Experian satisfied the requirements of 15 U.S.C. § 1681c-2 is a legal conclusion to which no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the timing and content of any submission Plaintiff claims to have provided to Experian and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation contained therein.

62. In response to paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the timing and content of any submission it received from Plaintiff and, on that basis, denies them. Experian denies that it failed or refused to comply with 15 U.S.C. § 1681c-2 and denies, generally and specifically, each and every remaining allegation contained therein.

63. In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Complaint, Experian denies that it violated 15 U.S.C. § 1681c-2, denies that any alleged violation was willful, denies that Plaintiff is entitled to punitive damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

65. In response to paragraph 65 of the Complaint, Experian states that the allegations contained therein are expressly conditioned on this action not being removed to federal court. This action has been removed, and no response is therefore required. To the extent a response is required, Experian denies that it violated 15 U.S.C. § 1681c-2, denies that any alleged violation was willful, denies that Plaintiff is entitled to punitive damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

66. In response to paragraph 66 of the Complaint, Experian denies that it failed to block any information as 15 U.S.C. § 1681c-2 requires, denies that it acted negligently, denies that Plaintiff is entitled to actual damages or any other relief from Experian, and denies, generally and specifically, each and every remaining allegation contained therein.

67. In response to paragraph 67 of the Complaint, Experian denies that any act or omission of Experian caused Plaintiff any damages and denies that Plaintiff is entitled to recover any damages from Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, including the allegations concerning Plaintiff's credit reputation, credit score, credit opportunities, expenses, and emotional state, and, on that basis, denies them.

68. In response to paragraph 68 of the Complaint, Experian denies that Plaintiff is entitled to recover attorneys' fees or costs from Experian and denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO PRAYER FOR RELIEF**

In response to the Prayer for Relief, including subparagraphs (a) through (e), Experian admits that Plaintiff seeks relief in this case. Experian denies that it violated the

FCRA, denies that it is liable to Plaintiff, jointly and severally or otherwise, for any alleged damages, and denies that Plaintiff is entitled to any relief whatsoever against Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning GBank and, on that basis, denies them.

## RESPONSE TO JURY DEMAND

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian asserts the following defenses and affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them or that any matter stated below is an affirmative defense rather than a denial.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim against Experian upon which relief can be granted. Among other things, the Complaint does not plausibly allege that the information Experian reported concerning the Account was inaccurate in any respect attributable to Experian, that any reinvestigation Experian conducted was unreasonable, that Experian lacked a reasonable basis under 15 U.S.C. § 1681c-2(c) for any action it took on a request to block information, or that any act or omission of Experian caused Plaintiff a cognizable injury.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Plaintiff's claims against Experian are barred, in whole or in part, by the applicable statute of limitations, including 15 U.S.C. § 1681p.

**THIRD AFFIRMATIVE DEFENSE**
**(REASONABLE REINVESTIGATION)**

Plaintiff's claims against Experian are barred, in whole or in part, because any information Experian reported concerning Plaintiff and the Account was accurate, because Experian at all times followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer file, and because Experian reasonably reinvestigated any dispute it received from Plaintiff and accurately reported the results of any reinvestigation.

**FOURTH AFFIRMATIVE DEFENSE**
**(COMPLIANCE WITH 15 U.S.C. § 1681c-2)**

Plaintiff's claim under 15 U.S.C. § 1681c-2 is barred, in whole or in part, because Experian complied with 15 U.S.C. § 1681c-2 with respect to any request to block information that it received from Plaintiff. To the extent any such request did not include each of the items that 15 U.S.C. § 1681c-2(a) requires, including appropriate proof of the consumer's identity, a copy of an identity theft report as defined by 15 U.S.C. § 1681a(q)(4), the identification of the information at issue, and a statement that the information does not relate to any transaction by the consumer, Experian had no obligation to block that information. To the extent Experian declined or rescinded any block, it did so based on a reasonable determination under 15 U.S.C. § 1681c-2(c) and, as the Complaint itself alleges, notified Plaintiff of that determination.

**FIFTH AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his alleged damages, including to the extent Plaintiff delayed in disputing the

Account with Experian or in providing Experian with the information needed to block or reinvestigate the information at issue.

**SIXTH AFFIRMATIVE DEFENSE**
**(CONTRIBUTORY/COMPARATIVE FAULT)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SEVENTH AFFIRMATIVE DEFENSE**
**(INTERVENING CAUSE)**

Any damages Plaintiff allegedly suffered, which Experian denies, were the direct and proximate result of the acts or omissions of Plaintiff or of third parties over whom Experian had no control, including the unidentified third party who, as Plaintiff alleges, used Plaintiff's personal identifying information to open the Account, co-defendant GBank, which, as Plaintiff alleges, furnished and verified the information concerning the Account, and any other furnisher or user of information concerning Plaintiff. Those acts or omissions constitute intervening and superseding causes of Plaintiff's alleged injuries, and no act or omission of Experian was a proximate cause of those injuries.

**EIGHTH AFFIRMATIVE DEFENSE**
**(PRE-EXISTING AND UNRELATED CAUSES)**

Any damages Plaintiff allegedly suffered, which Experian denies, resulted in whole or in part from pre-existing or unrelated causes, including the identity theft Plaintiff alleges, the approximately $15,000 in unauthorized charges and the inquiries and personal information variations that Plaintiff alleges resulted from it, Plaintiff's own financial

circumstances and credit history, other information in Plaintiff's consumer file, and events unrelated to any act or omission of Experian.

**NINTH AFFIRMATIVE DEFENSE**
**(NO WILLFULNESS OR PUNITIVE DAMAGES)**

Plaintiff is not entitled to statutory or punitive damages under 15 U.S.C. § 1681n because Experian did not willfully violate the FCRA. Any action Experian took with respect to Plaintiff's disputes and requests was based on an objectively reasonable reading of the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). Any award of punitive damages is further limited by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**TENTH AFFIRMATIVE DEFENSE**
**(SETOFF AND NO DOUBLE RECOVERY)**

Any recovery by Plaintiff against Experian must be reduced by any amount Plaintiff has received or receives from GBank or any other person for the same alleged injuries, and Plaintiff may not recover more than once for the same alleged injury.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(ARBITRATION)**

Experian alleges on information and belief that Plaintiff's claims against Experian are, or may be, subject to a binding agreement to arbitrate between Plaintiff and Experian or its affiliate, including any agreement entered into through Plaintiff's enrollment in a consumer membership offered by Experian or its affiliate. Experian expressly reserves its right to compel arbitration of Plaintiff's claims and does not waive that right by filing this Answer or by participating in this action as the Federal Rules of Civil Procedure and this Court's orders require.

## RESERVATION OF RIGHTS

Experian reserves the right to assert additional defenses as they become known through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

A. That Plaintiff take nothing by virtue of the Complaint and that judgment be entered in favor of Experian and against Plaintiff on all claims asserted against Experian;

B. That Experian be awarded its costs of suit and, to the extent permitted by law, including 15 U.S.C. §§ 1681n(c) and 1681o(b), its reasonable attorneys' fees; and

C. For such other and further relief as this Court may deem just and proper.

Dated: October 28, 2026

Respectfully Submitted,

By: /s/ Tyler J. Bates
Tyler J. Bates
Ruebel & Quillen, LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
Telephone: (888) 989-1777
Facsimile: (303) 362-5724
Email: Tyler@rq-law.com

Attorney for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2026, a true and accurate copy of the foregoing EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES was served via CM/ECF on all counsel of record.

/s/ Tyler J. Bates
Tyler J. Bates